TOWN OF PONTOTOC v. FRANCIS R. FULTON ET AL.

1. MUNICIPAL BONDS.   *Void recital.*

   A void recital in municipal bonds does not render the bonds invalid.

2. SAME.   *Code* 1892, § 3017.

   Municipal bonds issued under code 1892, § 3017, providing that mu-
   nicipalities may in issuing them make a part mature annually, and
   prohibiting in such case the calling in of the bonds until maturity,
   are not void because of a recital to the effect that the municipality
   reserves the right, after a certain date, to pay off and cancel any
   of the bonds.

3. SAME.   *Schoolhouse.   Consent of taxpayers.   Excessive levy.   Bona fide
   holder.   Code* 1892, § 4014.

   It is not a defense to an action on municipal bonds, by a *bona fide*
   holder, that the municipality was at the time of their issuance a
   separate school district, that the bonds were issued to raise funds
   with which to build a schoolhouse, that the debt incurred by their
   issuance exceeded a three-mill levy of taxes on the taxable prop-
   erty of the municipality, and that the consent of a majority of the
   taxpayers was not given to authorize the levy of a tax exceeding
   three mills on the dollar for the erection of the schoolhouse or the
   issuance of the bonds.

FROM the circuit court of Pontotoc county.

HON. EUGENE O. SYKES, Judge.

Fulton and others, appellants, were plaintiffs in the court be-
low; the town of Pontotoc was defendant there. From a judg-
ment in plaintiffs' favor the defendant appealed to the supreme
court.

In July, 1897, the board of mayor and aldermen of the town
of Pontotoc, which town is operating under the code chapter
on municipalities, and is a separate school district, issued bonds
to the amount of $3,500 for the purpose of erecting a school-
house.   Notice of the intention to issue the bonds was given
as required by law, and, no petition for an election being filed

with the board, the bonds were issued, and were sold to Noel Young Bond & Stock Company, of St. Louis, who sold the bonds, before maturity, for a valuable consideration, to Fulton and others, the appellees here. When the first bond became due, payment was refused by the municipality. Thereupon appellees, plaintiffs in the court below, filed their petition in the circuit court, praying for a writ of mandamus commanding the board to pay the bond if there was a sufficiency of funds for that purpose, and, if not, to levy a tax for the purpose of paying the bond. Defendants demurred to the petition, setting up, among other grounds, that the town of Pontotoc has the right reserved after ten years from the issuance thereof to pay off and cancel any of said bonds, whereas by law said bonds should have been payable after five years, at the option of the town. This demurrer was overruled, and defendants filed their pleas of the general issue and a special plea, in these words:

"And for a further plea in this behalf defendant says that the plaintiff ought not further have or maintain this action against defendant, because the said bonds, and series of bonds in plaintiffs' petition in this behalf described are illegal and void, were *ultra vires* the power and authority of the board of mayor and aldermen of said town to issue, and that said bonds are of no valid force or binding effect upon said town, because long before and at the date of the contract made and entered into by said board of mayor and aldermen to erect and build a school building in said town, and at the date of the issuance of said bonds to the amount of $3,500 to pay therefor, the town of Pontotoc constituted and was a separate school district, and at the time of making said contract to build said schoolhouse, and at the time of issuing said bonds to pay therefor, the debt so incurred greatly exceeded the sum of a three-mill levy of taxes upon the taxable property of said town, which was the extent of the powers vested in said board of mayor and aldermen to levy a tax for the purpose of building a schoolhouse in

said town, there being no consent of a majority of the tax-payers of said town to exceed such levy. And this defendants are ready to verify."

To this special plea plaintiffs demurred, the demurrer was sustained, and the cause was heard on the issue made by the plea of the general issue, and verdict and judgment were ren·dered for plaintiffs.

*Fontaine & Fontaine,* for appellants.

The power of a municipality to issue bonds must be expressly conferred by statute. *Coffin* v. *Kearney,* 12 U. S. App., 562; *Woodruff* v. *Okalona,* 57 Miss., 807; *Town of Ottawa* v. *Perkins,* 94 U. S., 260; 15 Am. & Eng. Ency. Law, 1235, § 3; *Mayor, Etc.,* v. *Ray,* 19 Wall., U. S., 468; *Merrill* v. *Monticello,* 138 U. S., 673.

The town of Pontotoc at the time of issuing the bonds was acting under the code chapter on municipalities And the only power conferred is contained in §§ 3015, 3017. These sections expressly provide that if a part of the bonds are made payable annually, then the town shall not have the power to call them in until they mature, and yet the face of these bonds recites, "The said town of Pontotoc reserves the right, after ten years from the issuance hereof, to pay off and cancel any of said bonds." This recital is a part of the contract and cannot be treated as surplusage. The statute, code of 1892, § 3017, absolutely prohibits the exercise of such power by the town. It was a departure from the statute and an alteration in the time of payment from the statute which was material and rendered the bonds invalid. *Woodruff* v. *Okalona,* 57 Miss., 807; *Barnum* v. *Okalona,* 148 U. S., 393. Although the bond sued upon was payable to bearer and was transferred before maturity, yet the purchaser was bound to take notice of the statute, the law under which the bonds were issued. The holder of a municipal bond is chargeable with notice of the statutory provision under which it was issued. *Ogden* v. *Daviess County,* 102 U. S., 634; *Mc-*

*Clure* v. *Oxford,* 94 U. S., 429; *Hoff* v. *Jasper County,* 110 U.
S., 53; *Woodruff* v. *Okalona,* 57 Miss., 807; *Barnum* v. *Okalo-
na,* 148 U. S., 393.

The court below also erred in sustaining plaintiffs' demur-
rer to defendant's second plea.    Under § 4014, code 1892,
the town of Pontotoc, being a separate school district, the mu-
nicipal authorities thereof could not levy and collect taxes
to erect a school building in excess of three mills on the
dollar of the valuation of the taxable property of the town.    It
is true that by said section of the code the municipality is au-
thorized to issue bonds for the erection of schoolhouses in the
manner provided in the chapter on municipalities.    But the
limitation of the power of taxation contained in said section is
applicable to these bonds.    *Bogue Chitto* v. *Lewis,* 75 Miss., 741.
All indebtedness incurred beyond legal limits is void and can-
not be enforced, and it makes no difference that it be evidenced
by bond or other writing.    *Fiances* v. *Howard Co.,* 13 U. S.
App., 126; *Nesbit* v. *Riverside, Etc., District,* 144 U. S., 610;
*Sutcliff* v. *Lake Co.,* 147 U. S., 234.

*Anderson & Long* and *George T. Mitchell,* for appellees.

The recital of the bonds of which complaint is made is mere
surplusage and immaterial.    The board of mayor and alder·
men had no right to insert the void recital, but the recital itself
being void, it does not affect the validity of the bonds.    *Woodruff*
v. *Okolona,* 57 Miss., 807, has no application to this case, be-
cause the statute there imposes an additional burden on the tax-
payers in this, that it requires them to pay twenty years' in-
terest instead of interest for ten years as authorized.    A direct
authority for our position in this case is *Howell* v. *McAden,* 94
U. S., 463.    If the good be separable from the bad, the courts will
make the separation; and surely in this case the void recital can
be separated from the contract evidenced by the bonds.    In
*Essex* v. *Knight,* 52 Conn., 483, the court held that bonds issued
under an act allowing them to be made payable in twenty years,

ten years' option from the recitals of the bonds did not render
ten years' option from the recitals of the bond did not render
them invalid against purchasers with notice of the fact. In
*Cutler* v. *Madison County,* 56 Miss., 115, our court held that
where the statute authorizes the issuance of bonds with interest
payable annually, that bonds issued providing on their faces
for payment of the interest semi-annually were valid in the
hands of the *bona fide* holders. A *bona fide* purchaser of
bonds before maturity is only required to look at the title
the statute conferring the power to issue and the recitals in
the bond. *Anderson* v. *Ely,* 158 U. S., 312; *Aberdeen* v.
*Sykes,* 59 Miss., 236; *Cutler* v. *Madison County,* 56 Miss., 115;
*Woodruff* v. *Okalona,* 57 Miss., 807; *Gibbs* v. *School District,*
56 Am. St. Rep., 295.

In reference to the demurrer of appellee, we especially de-
sire to say that by reference to § 4014 it will be seen that
the limitation on the power to levy a tax does not refer
to a bond issue. By § 3014 a municipality may issue
bonds to the amount of seven per centum of the taxable prop-
erty of the town without an election. Surely it cannot be the
law that this town, which is not a separate school district, may
issue bonds to the amount of seven per centum, and that a town
which is a separate school district is restricted to a much lesser
limit. Sec. 4014 can only apply to the annual tax levied for
school purposes. There is a clear distinction between a bond
issue and an annual tax. The case of *Bogue Chitto* v. *Lewis,* 75
Miss., 741, has no application, the only question involved there
being the power of the municipality to levy an annual tax of
more than three mills. Even if there be anything in appel-
lant's contention touching § 4014, it must be remembered that
the appellees are *bona fide* purchasers of the bond for value
without notice, and the excessive issue cannot affect their rights.

CALHOUN, J., delivered the opinion of the court.

The town of Pontotoc issued $3,500 of bonds to build a school-
house, and got the money. These bonds are in the hands of

*bona fide* holders without notice, unless, on the objections made,
the statute gives to every one dealing in them notice of their
invalidity.   They were issued, and, we hold, pursuant to the
power conferred by code, § 3017.   That section is as follows:
"The mayor and board of aldermen, if it elect, may issue bonds,
making a part of them mature annually, and running through
a series of not more than twenty years from their issuance.   All
the interest in such case, and a part of the principal, to be fixed
by the board at the time the bonds are issued, shall be payable
annually, and the bonds shall be issued accordingly; in which
case a part of the principal shall not be called in and paid by
the board until maturity of the bonds."   The only question, we
think, we need refer to arises out of the concluding sentence,
viz.: "In which case a part of the principal shall not be called in
and paid by the board until maturity of the bonds."   Now, the
bonds issued in the case before us have this provision, viz.: "The
said town of Pontotoc reserves the right, after ten years from
the issuance thereof, to pay off and cancel any of said bonds."
It is contended that the bonds are void, because, while all ma-
tured in fifteen years, the board reserves the right to pay them
after ten years.   This reservation was, of course, void, and the
board could never be compelled to exercise the option.   *Non
constat* that it ever would.   If it ever attempts to exercise it,
then will be the time for taxpayers to complain.   It was express-
ly decided by the supreme court of the United States in *Howell
v. Railroad Co.,* 94 U. S., 463; 24 L. Ed., 254, opinion by
Miller, J.—a case practically identical with this in principle—
that, though such a provision is void, the bonds are valid.   We
follow that decision.   We do not concur with learned counsel
for appellant that there is anything in the other points made.

*Affirmed.*